ACCEPTED
04-14-00085-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/6/2015 1:50:33 PM
KEITH HOTTLE
CLERK

## NO. 04-14-00085-CV

### IN THE FOURTH DISTRICT COURT OF APPEALS
### SAN ANTONIO, TEXAS

**ELIZABETH WEYEL**
**Appellant**

**v.**

**JAMES HOPSON**
**AND AMERICAN BANK OF TEXAS, N.A. f/k/a**
**STATE BANK & TRUST OF SEGUIN, TEXAS**
**Appellees**

Appealed from the 25th District Court of
Guadalupe County, Texas

### APPELLANT'S MOTION FOR REHEARING

TO THE HONORABLES JUSTICES OF SAID COURT:

Appellant, **ELIZABETH WEYEL**, submits this motion for rehearing in response

to the opinion issued by the Court on February 4, 2015, and requests that the Court

consider the following.

As part of the opinion, the Court affirmed the granting of a no-evidence summary

judgment against Appellant in favor of AMERICAN BANK. This Court reasoned the

case should be affirmed because all grounds for the granting of the motion were not

challenged on appeal. The Appellant believes the Court has improperly placed the

burden to defeat all potential grounds for summary judgment on Appellant, where the

Court has clearly stated the findings upon which the summary judgment was granted. This is the only portion of the Court's opinion of which Appellant complains.

## ISSUE PRESENTED FOR REVIEW

**Issue 1: The court of appeals erred in finding that there was no appellate challenge to the no-evidence summary judgment in favor of AMERICAN BANK.**

This court could only reach this conclusion if it misinterpreted or ignored the findings made by the Court in its January 3, 2014, letter to the parties announcing his ruling. A copy was attached as Exhibit "B" to Appellant's Brief.

*Misinterpretation*

According to the trial court, the granting of the No-Evidence Motion for Summary Judgment was based on the absence of evidence of a duty owed by AMERICAN BANK to WEYEL outside of the parties' contract. The opinion of this Court affirms the judgment based on the unsubstantiated finding that Appellant did not challenge the grounds of AMERICAN BANK's No-Evidence Motion for Summary Judgment on this appeal.

To properly analyze the case, we start with AMERICAN BANK's No-Evidence Motion for Summary Judgment. In its Motion for No-Evidence Motion for Summary Judgment, AMERICAN BANK alleged there was no evidence to show that AMERICAN BANK was negligent. WEYEL responded to the Motion for Summary Judgment with facts supporting negligence of AMERICAN BANK.

Negligence at common law is the existence of a legal duty owed by one person to another, the breach of that duty and damages proximately caused by the breach.

2

*Firestone Steel Products Co. v. Barajas,* 927 S.W. 2d 608 (Tex. 1996). Duty is the first element of negligence which must be established before a party may prevail on a negligence claim. *Triplex Communications Inc. v. Riley,* 900 S.W.2d Tex. 1995). If there is no duty there can be no breach, the second element of negligence. *Centeq Reality v. Siegler,* 899 S.W.2d (Tex. 1995). Without a breach, there can be no proximate cause of damage. *Greater Houston Transport v. Phillips,* 801 S.W.2d 523 (Texas 1990).

Appendix "B" attached to Appellant's Brief is the findings of the court regarding the Motions for Summary Judgments. These are in the record and serve to explain the ruling of the trial court much as Findings of Fact and Conclusions of Law. These findings set out the basis for the trial court's granting summary judgment. The trial court addresses each claim brought forth in the various Motions for Summary Judgment which supports the Judgment. The trial court did not address what it found that would not support its ruling, but what it found in the record that would support its ruling.

In item number 6, the trial court states the relationship between WEYEL and AMERICAN BANK is contractual in nature and in item number 9 states there is no duty owed by AMERICAN BANK to WEYEL outside the contractual relationship. These were the finding of the trial court which support the granting of AMERICAN BANK's no-evidence Motion for Summary Judgment. These issues were challenged in Appellant's Brief.

The Order makes sense in that the negligence of AMERICAN BANK was not established because WEYEL had not shown by sufficient summary judgment that a duty other than contractual exists. Such is the threshold in any negligence case.

3

Therefore, the only basis for the granting of the no-evidence motion for summary judgment identified by the trial court was the absence of a duty to support negligence. This finding supports both the traditional and no-evidence motions. See; *Centeq Reality v. Siegler*, 899 S.W.2d (Tex. 1995). If the only duty owed was contractual there could be no negligence. The trial court's findings did not address the lack of a breach of the duty nor the proximate cause of damage. It did not have to because the threshold question had been decided. See; *Greater Houston Transport v. Phillips*, 801 S.W.2d 523 (Texas 1990).

The trial court did not find that AMERICAN BANK was not negligent, just that the only duty it owed was contractual. The trial court did not find that AMERICAN BANK did not commit negligence nor that the conduct did not cause damage. Since the trial court made findings, there is no need to challenge the basis of a summary which was not found by the trial court.

This is not a case where all issues need to be addressed to prevent the case from being affirmed. This is a case with specific findings by the trial court. For this Court to imply different findings is improper. This Court, as is WEYEL, is limited to the review of the trial court's findings.

Of those elements, the only one the trial court found was that there was no duty beyond the contractual duties imposed by the contract. There were no other findings to support the granting of the no-evidence Motion for Summary Judgment.

In her Brief, in Issue 3, WEYEL complained that the trial court erred in granting summary judgment that AMERICAN BANK owed no duty to WEYEL. This argument

4

contains complaints as to the trial court's rulings on summary judgment that was granted on the basis of the no duty owed to WEYEL beyond contractual duties of the parties of the traditional summary judgment, as well as the basis for the no negligence argument of the no-evidence summary judgment. The arguments are interchangeable. AMERICAN BANK could not be liable for negligence because its duty was limited to the parties' contract.

WEYEL argued in her Brief that the duties owed extended beyond contractual and were based in common law. WEYEL argued at trial court and before this Court that duties existed because of the relationship between WEYEL and AMERICAN BANK. AMERICAN BANK was a trustee for WEYEL's self-directed IRA. As a trustee, AMERICAN BANK owed a fiduciary duty to WEYEL. This duty was breached by the failure to file the appropriate tax returns and the failure to discover the tax violation. This is not limited to the contract which the court found was the only basis of duty owed.

*Ignore*

Otherwise, to support granting of the No-Evidence Motion for Summary Judgment, this Court has to ignore the trial court's findings in the record. In order to affirm the No-Evidence Summary Judgment, this Court must ignore the record on appeal. The failure of this Court to consider the entire record and the findings of the judge, contained therein, is wrong.

The findings identified in the January 3, 2014, letter in the record form the basis for the trial court's decision. The letter so states. It is the findings of the trial court that Appellants objects to. In ignoring the January 3, 2104, letter from the trial court, this

5

Court imposes on this Appellant the burden to disprove any ground upon which summary judgment can be granted. There is no reason to guess or pontificate on why the Court may have ruled that way, when it was stated clearly and concisely by the trial court in the January 3, 2014, letter. Why shouldn't that be considered? It certainly is better than speculation. But yet this Court is making Appellant speculate why the trial court granted the summary judgment.

The January 3, 2014, letter sets out facts that were found which support AMERICAN BANK's Motions for Summary Judgment. Each point was challenged by WEYEL on appeal. Admittedly, what was not challenged were those facts or findings not found by the court. The trial court's findings were sufficient to support a summary judgment. That is the basis of the appeal. This Court implies the trial court may have forgotten something in its findings.

The Order granting summary judgment has the trial court findings supporting it. This Court cannot summarily ignore them, and impose upon Appellant the responsibility to challenge findings not made, when the findings made were sufficient to establish summary judgment.

Why would this Court ignore the findings of the trial court? They are part of the record. There is no dispute that they form the basis for the summary judgment entered. Is it possible the trial court was forgetful of why the motions were granted such that it should be ignored? Why should Appellant be forced to disprove all reasons for the possible granting of a Motion for Summary Judgment when the trial court clearly identifies the grounds upon which it was granted? That procedure exists for cases where

6

the trial court fails to explain their rulings on the record. This is not a case where we have to guess why a trial court made a ruling. The trial court told the parties in its pronouncement.

### Conclusion

Clearly, the affirming of the no-evidence Motion for Summary Judgment in favor of AMERICAN BANK was error. This Court misinterpreted the findings of the court. In support of the no-evidence Motion for Summary Judgment, the court reached the threshold question of duty and said none existed. After the threshold question was negative, the trial court had no further responsibility to address issues based on the threshold issue. This Court cannot assume the trial court granted summary judgment on the other issues after granting summary judgment on the threshold issue.

The other reasoning is that the Court ignored the findings of the trial court to support its position. Many summary judgment cases do not contain this information in the record. Those cases without trial court findings which are not briefed in the appeals should be affirmed if the party does not address all possibilities on appeal. But here the judge did not leave it to interpretation, he supplied his findings. Do we want the court to not make findings and be affirmed under technical circumstances? Be ignored when they assist the appellate court with their reasoning?

On a side note, the better practice would be for this Court to hear oral arguments on matters such as this that would allow for explanation and lend itself to a thorough legal discussion of the issues presented. The job of the Court of Appeals should not be to ignore the specific rulings of the trial court and impose judgment, but to insure people

7

have open access to the court system uninhibited by hyper-technical and illogical restraints.

PRAYER

For the reasons stated in this motion, Appellant asks the Court to grant this motion for rehearing, withdraw its opinion of February 4, 2015, reverse the trial court judgment, and remand for a new trial.

Respectfully submitted,

LAW OFFICES OF JAAY D. NEAL, P.C.
322 W. Woodlawn Avenue
San Antonio, TX 78212
Telephone:   210/735-2233
Facsimile:   210/735-8431

BY: _/s/ Jaay D. Neal_
JAAY D. NEAL
State Bar No. 14836700
Attorney for Appellant,
ELIZABETH WEYEL

**CERTIFICATE OF SERVICE**

I hereby certify and affirm that on this the 6th day of March, 2015 I sent a true and correct copy of Appellant's Motion for Rehearing to the following attorneys of record:

Ralph D. McBride
Bracewell & Giuliana
711 Louisiana Street, Suite 2900
Houston, Texas 77002-2781
_via facsimile: 713-221-1212_

David F. Johnson
777 Main Street, Suite 1100
Fort Worth, Texas 76102
_via facsimile: 817-420-8201_

_/s/ Jaay D. Neal_
JAAY D. NEAL